Weldon, J.,
delivered the opinion of the court:
The claimant was on the 2d day of June, 1898, appointed from civil life an assistant surgeon for temporary service ifi the Navy during the Avar Avith Spain, Avith the relative rank of ensign, and served under said appointment until the 18th day of November, 1899, on Avkioh day he was commissioned as of NoArember 8, 1899, an assistant surgeon Avith the rank of ensign, and from that time his sendee is shoAvn in finding i, for which sendee he Avas paid, as shoAvn in finding ii.
The question arising on the facts of this case as to this portion of the claim is decided in the case of James S. Taylor v. The United States (38 C. Cls. R.), in AArhich it is held that'the claimant was not entitled to recover.
From July 1, 1899, to November 1, 1899, claimant Avas on duty at the naval hospital at the na\y-yard, Mare Island, Cal., and Avas not, in consequence of the condition of said naAUil hospital as to room, furnished Avith quarters, although he requested the same. He has not received commutation for *197 quarters at said place. Allowing commutation for quarters at the rate prescribed by the Army Regulations, commutation for such quarters at the rate of §12 per month amounts to the sum of §99.20.
From tho 1st day of July to the 4th day of November, 1899, tho claimant was on duty as aforesaid at the naval hospital, navy-yard, Mare Island, Cal., and on September 5, 1899, he requested that quarters be assigned him, none having been assigned him since July 1, 1899. At that time there were no quarters that could have been regularly assigned to him, but from Juty 1, 1899, until he was detached from said naval hospital he occupied a room at the ifiarine barracks by the consent of a brother officer, with the understanding that the room was to be vacated whenever required.
Upon the above state of facts the claimant was refused compensation as commutation for quarters, 'upon the ground that—
“A naval officer of the Medical Corps is entitled, while on duty at a post or station, to be provided with quarters in kind where tliere are public quarters, or to be paid commutation therefor at established rates while on duty at posts or stations where there are no public quarters. If an officer is provided with quarters in kind, even though they may be less than woidd property be assigned to one of his rank under the regulations, he is not entitled to commutation therefor.” (5 Comp. Dec-., 548.)
It is said in the foregoing opinion:
‘‘The law makes no stated allowance for quarters to officers of the various grades, but the matter is fixed by Arinj" Regulations. Paragraph 988, Army Regulations of 1895, further provides that the allowance of quarters shall be reduced pro rata when the number of officers and troops present renders it necessaiy. The assignment of quarters and the determination of their adequacy are matters wholly within the discretion of the military authorities, and if quarters are insufficient a reasonable interpretation of the act of June 18,1878 (20 Stat., 151), which makes provision for furnishing quarters in kind, authorizes the hiring of such additional quarters as may be necessary.” (Digest Second Comp. Dec., vol. 3, secs. 1129 and 1130.)
Tho theory of commutation is compensation, it being an allowance and not a part of the pay proper of an officer: and if *198 by the failure to provide quarters, as under the. circumstances of this case, the officer occupies quarters assigned to another officer by the consent and courtesj1- of such officer, and is therefore' relieved from the expense of quarters, he is not entitled to recover from the defendants the value of such quarters as he was otherwise entitled to under the Army Regulations.
Reimbursement is primarily what the law contemplates; but when there is no expense, as in this case (the occupied quarters being- a part of the naval establishment of the United States), there can be no reimbursement in fact, and, therefore, noire allowed bt law. If the claimant had occupied quarters not belonging to the United States and was otherwise entitled under the circumstances to quarters, the fact that he was not charged with the use of quarters would not be material and would not affect the right and obligation of the parties; but when, as in this case, the quarters occupied belonged to the defendants there is’no legal right of recoveiy.
The petition is therefore dismissed.