Graham, Judge,
delivered the opinion of the court:
Plaintiff is suing to recover rental allowance which he claims is due the estate of John DeGroot, a warrant officer in the life-saving branch of the United States Coast Guard, who died December 5, 1925.
The first permanent station of the decedent was at City Point Coast Guard Station, South Boston, Mass., where he was furnished three rooms from July 1, 1922, to November 8, 1922. The findings show that two of these rooms were located on the first deck of a house boat anchored a half mile offshore, the City Point Station being a floating station, one of the rooms being used by DeGroot as living quarters and one as his office. The third, a small room on the upper deck, was empty except during cold weather, when the men on the bridge kept their log there and a few of their belongings. From November 9, 1922, to March 31, 1923, he was assigned to Old Harbor Station, Chatham, Mass., where he was furnished one room, which was used as an office and bedroom. He was transferred to City Point Coast Guard Station on April 1, 1923, where he remained until January 12, 1925, and occupied the same quarters as during his first assignment there. He was retired from active service on January 13, 1925.
As stated in the petition, the applicable statute is the act of June 10, 1922, 42 Stat. 628, as amended by the act of May 31, 1924, 43 Stat. 250, which amendment was retroactive to July 1, 1922.
*185 Section 6 of the act of May 31, 1924, provides that an officer “ while either on active duty or entitled to active-duty pay shall be entitled at all times to a money allowance for the rental of quarters.” The decedent' was on active duty, and therefore came within this provision of the statute. The act further provides: “ To an officer having a dependent, receiving the base pay of the first period, the amount of this allowance shall be equal to that for two rooms.” The officer in this case had dependents and was therefore entitled to an allowance for two rooms under the last provision. It may be noted that this last provision clearly has reference to a provision for dependents. The fourth paragraph of section 6 is as follows:
“ No rental allowance shall accrue to an officer, having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.”
It is evident that the act was intended to give an officer rental allowance where at his station public quarters are not available adequate for the occupation of the officer and his dependents; that is, in the case of this officer, two rooms that were available for the use of himself and his dependents. We do not take the view that this rental allowance is personal to the officer. The quarters available were to be such as could be occupied by him with his dependents. The quarters assigned decedent at City Point Coast Guard Station were on board a boat, a floating station, anchored at sea, where, under the regulations of the department, he could not have his dependents live with him. He was thus not provided with quarters available for the use of himself and his dependents, and is therefore entitled to recover rental allowance for two rooms during the period he was stationed on the boat.
At Old Harbor Station he was allowed only one room, and it does not appear that there were any quarters available for the use of himself and his dependents.
*186 The rental allowance provided by statute for an officer of the grade of decedent is $40 per month for two rooms, and plaintiff should recover at that rate for the period from July 1, 1922, to January 13, 1925, during which time decedent was on active duty at the above-named stations. Judgment should be entered-, for $1,216, and 'it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, GMef Justice, concur.