Graham, Judge,
delivered the opinion of the court:
Plaintiff was during the period covered by this claim a lieutenant commander in the United States Navy on active sea duty in command of the United States steamship Sands. He had dependents consisting of his wife and children. During all of said period no Government quarters were assigned to him to be occupied either by himself or his dependents. From February 1 to May 13, 1923, October 1 to *725 November 15, 1923, January 1 to May 5, 1924, and January 1 to April 14, 1925, his wife and children resided with her parents as their guests, at the house furnished as a residence to plaintiff’s father-in-law, Gen. John A. Lejeune, at the Marine Barracks, Washington, D. C., General Lejeune being at the time Major General and Commandant of the United States Marine Corps.
The principles involved here have several times been passed upon by the court and it is not necessary to review them. Under the applicable acts, viz, act of June 10, 1922, 42 Stat. 628, and act of May 31, 1924, 43 Stat. 250, amend-atory thereof, rental allowance, both by the law and the regulations, was granted an officer with dependents except only where sufficient quarters were assigned to the officer. No quarters in this case were assigned to the plaintiff, and he was consequently entitled to the allowance claimed.
The fact that his wife and children happened at certain periods to be guests of his father-in-law and in this way he was relieved of expense does not affect the question. It is true that the house occupied by General Lejeune was owned by the Government, but it had been assigned to him as a residence for his exclusive use and had not been in any sense assigned to the plaintiff; General Lejeune had a right, if he saw fit, to have such guests as he might desire. That he did have plaintiff’s dependents as his guests at different times does not affect the plaintiff’s rights here in the least. See Freeland v. United States, 64 C. Cls. 364, and Corkery v. United States, 65 C. Cls. 524.
The record does not disclose the amount to which plaintiff is entitled. Plaintiff claims “ the sum of $1,263.33, or so much thereof as has been deducted from his pay to the date of the rendition of judgment, * * * plus the sum of $74.34 withheld on account of income tax.” Plaintiff is therefore entitled to recover such a sum as has been deducted from his pay to the date of rendition of the judgment herein, and also the sum of $74.34, withheld from him on an overassessment of his income, the amount of judgment to be computed by the General Accounting Office.
*726 Judgment is suspended to await tbe ascertainment of this undetermined sum and the proper certification of it to the court.
SiNNOiT, Judge; GreeN, Judge; Moss, Judge; and Booth, Chief Justice, concur.