Littleton, Judge,
delivered the opinion of the court:
In this suit the plaintiff seeks to recover rental allowance provided for an officer of his rank without dependents from April 30, 1931, to January 31, 1932, on the ground that the quarters furnished by his commanding officer, and occupied by him during this period, were inadequate.
The quarters occupied by plaintiff were regularly assigned to him by competent superior authority and were occupied *172 without protest until April 30, 1931. On that date he protested the inadequacy of the quarters then being occupied but continued to occupy them. He incurred no additional expense for other quarters outside of the Government reservation until the assignment of such quarters was terminated by the Secretary of War on February 20, 1932, in the manner provided bjr the statute and the regulations. In these circumstances the court is of opinion that under the Act of June 10, 1922, 42 Stat. 625, as amended by section 2, Act of May 31, 1924, 43 Stat. 250, 251, Executive Order No. 4063, promulgated August 13 1924, and Army Regulations 210-70, the plaintiff is not entitled to recover the rental allowances claimed for the period May 1, 1931, to January 31, 1932, inclusive, and that the defendant’s counterclaim for $400, with interest, for rental allowances paid for the period May 1, 1931, to September 30, 1931, must be allowed. Odell v. United States, 38 C.Cls. 194, 197-198; Irwin v. United States, 38 C.Cls. 87.
In the Odell case the court said:
“ The theory of commutation is compensation, it being an allowance and not a part of the pay proper of an officer; and if by the failure to provide quarters, as under the circumstances of this case, the officer occupies quarters assigned to another officer by the consent and courtesy of such officer, and is therefore relieved from the expense of quarters, he is not entitled to recover from the defendants the value of such quarters as he was otherwise entitled to under the Army Regulations.
“ Reimbursement is primarily what the law contemplates; but when there is no expense, as in this case (the occupied quarters being a part of the Naval Establishment of the United States), there can be no reimbursement in fact, and, therefore, none allowed by law.”
In the Irwin case, supra, decided at the same time, the court said:
“In the opinion of this court contemporaneously announced herewith in Odell v. United States * * *, it is shown that the theory of commutation is compensation or reimbursement for something paid out. The only difference between this case and Odell’s is that here one room only was available, whereas Odell found not even one room available, but occupied quarters assigned to another officer by the *173 courtesy first in possession. In both cases the officer claiming commutation was relieved from expense and neither became entitled to recover from defendants the value of quarters not paid for by the officer. As no expense was incurred, this part of the claim must be denied.”
Plaintiff is not entitled to recover and the defendant’s counterclaim for rental allowances in the amount of $400, at the rate of $80 a month, paid to plaintiff for the period May 1, 1931, to September 30, 1931, is allowed with interest at 6 percent per annum from October 17, 1931, to date of demand. It is so ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.