GREEN, Judge,
delivered the opinion of the court:
The plaintiff, who is an officer in the regular army, brings this suit to recover rental allowances on the ground that he was not furnished adequate government quarters while serving on temporary duty with the Civilian Conservation Corps from’June 15, 1933, to November 11, 1933.
During the period of the claim the plaintiff, in company with two other officers, occupied a canvas tent. The act of March 4, 1915, authorized the Secretary of War to determine where and when there are no public quarters available within the meaning of the law, and pursuant to the authority vested in him by this act the Secretary of War has determined that tents furnished the commissioned personnel of the Army at Conservation Corps Camps do not constitute adequate quarters. This court in Byerly v. United States, 58 C. Cls. 269, and Ackerson v. United States, 60 C. Cls. 918, held that the action of the Secretary of War in this matter was final and conclusive.
The defendant, however, contends that the plaintiff is not entitled to recover because he did not expend any money for the rental of private quarters for his personal use. In support of this contention counsel for defendant cite Irwin v. United States, 38 C. Cls. 87; Odell v. United States, 38 C. Cls. 194; Ackerson v. United States, supra; and Carter v. United States, 79 C. Cls. 166. Plaintiff, on the contrary, urges that all except the last of these cases involved claims arising before section 6 of the act of June 10, 1922, was amended by section 2 of the act of May 31, 1924, and hence are inapplicable; and that the decision in the Garter case, *365 sufra, was based upon other grounds. The question so raised makes it necessary to consider the effect of the amendment of 1924 to which reference is made above.
Section 2 of the act of May 31, 1924, amending the act of June 10, 1922, so far as material to this case, reads as follows:
Sec. 2. That section 6 of said Act be, and the same is hereby, amended to read as follows:
“Sec. 6. Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this Act, while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters. * * *
$ ‡ ‡ ‡
[Fourth paragraph] “No rental allowance shall accrue to an officer, having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.”
We need not analyze the provisions of the fourth paragraph as it is evident from a casual reading that the plaintiff’s case is not included in the exceptions stated therein. The only remaining question in the case is whether the provisions of the first paragraph of section 6, as quoted above, are absolute and unqualified. The language would so indicate, but in addition we have the report of the Committee on Military Affairs (House Report No. 236, 68th Cong., 1st Sess., pp. 2, 3) as follows:
The second section of the bill is a redraft of section 6 of the pay readjustment act relating to money allowance for rental of quarters in order to make clear the import and uniform the application of the same. The textual arrangement and scheme of the section as a whole has been much improved by including and combining all the exclusionary provisions affecting rental allowance *366 in a single paragraph. This paragraph is preceded by three paragraphs containing the express grant of rental allowance, certain and unconditional in nature except as conditioned by aforesaid exclusionary provisions of the fourth paragraph, as conclusively appears from the initial clause of the redrafted section, reading: “Except as otherwise provided in the fourth paragraph of this section.” The effect of this is to simplify the meaning and administration of this section by securing to all officers drawing pay-period pay the corresponding rental allowance which the section creates and which ceases to accrue only in the circumstances specified in the fourth paragraph thereof.
That the language of the existing section, as reflecting the legislative intent in this matter, has proved unsatisfactory and should not longer be allowed to stand is the conclusion of your committee from a consideration of various decisions of the Comptroller General thereon. (2 Comp. Gen. 47, July 25, 1922; 2 Comp. Gen. 107, August 11, 1922; 2 Comp Gen. 160, August 30, 1922; 2 Comp. Gen. 399, December 26, 1922; 2 Comp. Gen. 430, January 10, 1923; 2 Comp. Gen. 437, January 16, 1923; 2 Comp. Gen. 745, May 10, 1923; reconsideration decision May 22, 1923, to Secretary of War; Royce case, June 30, 1923, Mem. Bur. S. & A., pp. 7576-7578.)
It is quite plain from a reading of this report that the committee presented the amendment to Congress on the ground that the construction placed by the Comptroller General on the statute as it originally stood was unsatisfactory and that the intent was to provide for an “express grant of rental allowance, certain and unconditional in nature”, except as conditioned by exclusionary provisions of the fourth paragraph, which would secure “to all officers drawing pay-period pay the corresponding rental allowance which the section creates” and which would cease to accrue “only in the circumstances specified in the fourth paragraph.”
In the Carter case, supra, it appeared that the officer was supplied quarters at his permanent station which he occupied for some time without protest and that the Army Regulations specifically provided that “any quarters at his permanent station voluntarily accepted and occupied by an officer who has no dependents * * * will be conclusively presumed to *367 be adequate.” This regulation is not applicable to the instant case in which the plaintiff was given only a temporary station but was sufficient to defeat the claim made in that case.
The plaintiff in the case at bar having been assigned to a temporary station came definitely under the general provisions, and none of the exceptions having any application to the case the plaintiff is entitled to recover the amount to which he is entitled as shown by the findings. Judgment will be awarded for $248.20 accordingly.
Whaley, Judge-; Williams, Judge; LittletoN, Judge; and Booth, OMef Justice, concur.