Whaley, Judge,
delivered the opinion of the court:
This is a suit by a Naval officer for the recovery of rental allowances authorized under section 2 of the Act of May 31, 1924 (43 Stat. 250), amending section 6 of the Act of June 10, 1922 (42 Stat. 625, 628), and Navy Regulations Article 1819 (3) for an officer with dependents for the period from August 1, 1934, to November 30, 1936, less rental allowances he received as an officer without dependents for the period from July 31, 1934, to May 29, 1935.
During the entire period of this claim the plaintiff’s dependents, two minor sons, resided continuously in public quarters assigned to Admiral William H. Standley, at the United States Naval Observatory, Washington, D. C. For a part of the time, June 3, 1935, to September 15, 1935, the plaintiff also resided in public quarters assigned to Admiral Standley at Washington, D. C. From June 22 to November 30, 1936, plaintiff was on duty aboard the U. S. S. Chester and during this period his dependents resided in the public *247 quarters assigned to Admiral William H. Standley in Washington, D. C. During the period of plaintiff’s assignment at Annapolis, Maryland, he was paid the allowances for an officer without dependents and during this assignment his dependents resided with Admiral Standley in public quarters in Washington, D. C.
The sole question in this case is whether the plaintiff who has dependents is entitled to rental allowances for them when it is shown that these dependents resided in public quarters furnished by the defendant to another officer.
Ever since the case of Henry E. Odell v. United States, 38 C. Cls. 194,197, 198, it has been heid that commutation for quarters is reimbursement to an officer for expenses paid by him for private quarters when the Government is unable to furnish him public quarters; that it is no part of the pay proper of an officer and that, when an officer has his dependents residing in public quarters, he incurs no expense in providing quarters and there is no reimbursement.
In William M. Irwin v. United States, 38 C. Cls. 87, 103, decided the same time as the Odell case, the court held:
In the opinion of this court contemporaneously announced herewith in Odell v. United States * * * it is shown that the theory of commutation is compensation or reimbursement for something paid out. The only difference between this case and Odell’s is that here one room only was available, whereas Odell found not even one room available but occupied quarters assigned to another officer by the consent and courtesy of the officer first in possession. In both cases the officer claiming commutation was relieved from expense, and neither became entitled to recover from defendants the value of quarters not paid for by the officer. As no expense was incurred, this part of the claim must be denied.
See Carter v. United States, 79 C. Cls. 166; Jones v. United States, 60 C. Cls. 552.
The facts in this case show that during the entire period for which plaintiff is claiming rental allowances his dependents resided in public quarters and he occupied public quarters or was granted an allowance for an officer without dependents. He was put to no expense in providing quarters for his dependents or for himself for which he has not been reimbursed.
*248 Our attention has been called to the case of James B. Glennon v. United States, 66 C. Cls. 723. In that case it was held that where the wife of an officer visited her father as a guest for a short period of time while her husband was at sea, and the father occupied Government quarters assigned him as a residence, the permanent stations of the two officers being at different places, the visits of the daughter to the father did not prevent recovery of rental allowances by the officer. There is no attempt in this case to show that plaintiff or his dependents were visitors of Admiral Standley for short periods. The dependents of the plaintiff resided continuously during the entire period of this claim with Admiral Standley, who occupied public quarters which were a part of the Naval establishment of the United States. Commutation is for the purpose of compensating an officer for expenses incurred in providing private quarters for himself and his- dependents when the Government fails to provide public quarters. On this theory only can recovery be had and, as it appears in this case that the officer has not been put to any expense, no right to reimbursement has been established.
In so far as the Glennon case, supra, is in conflict with this decision, it is hereby overruled.
The petition is dismissed. It is so ordered.
LittletoN, Judge; GREEN, Judge; and Booth, Chief Justice, concur.
Williams, Judge, dissents.