Green, Judge,
delivered the opinion of the court:
The plaintiff, a major in the United States Army, claims increased rental and subsistence allowance because of a dependent mother from October 1, 1931, to date of judgment.
The findings of fact show that during the period in controversy the defendant refused to recognize the dependency of plaintiff’s mother. However, the findings show that during the period covered by the testimony she was in fact dependent upon him. From August 19, 1935, to June 2, 1936, plaintiff was stationed at Maxwell Field, Montgomery, Alabama, where he was furnished at government expense bachelor officers’ quarters consisting of sitting room, bedroom, and bath. These quarters were not suitable for his dependent *562 mother and during this period no other quarters were provided for her. The particular point'in controversy in the case is whether plaintiff is entitled to recover for this period the full amount of rental allowance provided by law on account of his dependent mother [which was five rooms], or, whether having been furnished with two rooms, he should be allowed only for the remaining three rooms which he failed to receive.
It is now well settled by the decisions of this court beginning with the case of Odell v. United States, 38 C. Cls. 194, that commutation for quarters is reimbursement to an officer for expense paid by him for private quarters when the Government fails to furnish him public quarters; and if an officer incurs no expense in providing quarters for his dependents, there is no reimbursement. The doctrine of the case last cited was examined in Irwin v. United States, 38 C. Cls. 87, 103, wherein it was said that “the theory of commutation is compensation or reimbursement for something paid out.” The decisions in the two cases named above were cited with approval in James F. Byrne v. United States, decided by this court May 2, 1938, herein, p. 241.
The principle applied in all of these cases we think is clearly applicable to the case at bar. Here the plaintiff paid out nothing for suitable quarters for himself, and he can not be entitled to reimbursement for or on account of a matter in which he incurred no expense. For the three additional rooms to which he was entitled by reason of the dependency of his mother he presumably was put to an expense and, as -we construe the statute, is entitled to an allowance of $20 a month on each room as reimbursement.
The case of Bell, Admr. v. United States, 65 C. Cls. 182, is cited as laying down a rule which would entitle the plaintiff to recover. The facts in that case were somewhat different from those in the case now before us; but if there is anything said in the opinion in the Bell ease which is inconsistent with the principle which we have adopted, it is hereby overruled.
The claim of plaintiff is a continuing one, and judgment is therefore suspended, with leave to the plaintiff to introduce additional evidence to show, if it can be shown, that the *563 dependency of tbe mother has continued to the date of the judgment. When this testimony has been received judgment will be entered on receipt from the General Accounting Office of the amount due the plaintiff in accordance with the opinion of the court.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.
(Note. — In accordance with above opinion, judgment for $5,126.46 entered Feb. 6, 1939.)