Booth, Chief Justice,
delivered the opinion of the court:
The plaintiff is an officer of the U. S. Marine Corps, holding the rank of Captain. The suit is for the rental allowance of ai bachelor, without dependents, of his rank and grade from May 10, 1930, to December 11, 1931.
The facts are as follows: On May 10, 1930, plaintiff, under competent orders, reported for active duty with the Fourth Brigade, U. S. Marine Corps, then stationed at Shanghai, China, and remained on duty until detached therefrom on December 11, 1931. During this period plaintiff was furnished and occupied as quarters a single room in a building leased by the United States.
The room was not exceedingly comfortable; it was heated by a fireplace, and seven months later the plaintiff moved to and occupied a smaller room in the same building heated by an electric heater. Neither of the rooms was adequately furnished, and the plaintiff at his own expense rented some furniture from a local Chinese dealer.
Five or six officers beside the plaintiff occupied quarters in the building which contained one bathroom. These officers joined with the plaintiff in employing a Chinese boy to build fires in their rooms and heat water for baths. The Government lease of the first building expired while plaintiff was occupying the room mentioned, whereupon during the last *81 five months of his tour of duty he was provided and occupied a .room in another building leased by the Government which was in all material respects similar to the first room occupied by plaintiff.
Plaintiff predicates a right to judgment on. Section 6 of the act of June 10, 1922, as amended by Section 2 of the act of May 31, 1924 (43 Stat. 250, 251). We do not need to set forth the statute, for the defendant concedes that plaintiff under the same is entitled to rental allowance. What the defendant insists upon is that under the statute and the decisions of this court the plaintiff is only entitled to receive $40 per month for the two additional rooms to which he was entitled under the law, plus the sums he expended during the period when he occupied the rooms assigned to him, i. e., $50 per month, making a total of $953.33.
The following cases are cited by the defendant: Beery v. United States, 87 C. Cls. 557; Byrne v. United States, 87 C. Cls. 241; and Coleman v. United States, 86 C. Cls. 752.
It has been the consistent holding of the court, and the cited cases disclose it, that rental allowances are intended to reimburse an officer for money expended when he is not furnished quarters and provides his own. We have also held that where an officer is furnished and occupies one room when entitled to three rooms, he cannot recover for the one room occupied. In other words, he is not entitled to the full rental allowance.
The plaintiff concedes that the cases cited by defendant are apropos. The challenge goes to their correctness, supported by a statement that they overrule or partially overrule a long line of earlier decisions involving an officer’s right to rental allowances under the provisions of the statute involved.
Plaintiff does not cite in the brief the cases overruled. Apparently an argumnent is advanced that the case of Lee v. United States, 84 C. Cls. 629, sustains plaintiff’s case. With this contention we are unable to agree. In the Lee ease the officer occupied a canvas tent part of the time, and the Secretary of War determined that a canvas tent did not constitute adequate quarters. In this case no such determination *82 was made. The defendant furnished the quarters, and the plaintiff occupied them; true, they were not elaborate, but plaintiff was saved the expense of procuring others, and under the statute he receives full reimbursement for all monies expended which in his judgment it was essential to expend, and in addition a judgment for the defendant’s failure to furnish him the quarters the law entitled him to receive. We adhere to our former decisions. Plaintiff is entitled to a judgment for $953.33. It is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Green, Judge, concur.