Littleton, Judge,
delivered the opinion of the court:
The plaintiff, a second lieutenant, seeks to recover rental allowance provided for an officer of his rank without dependents under the act of March 4, 1915, 38 Stat. 1062, Section 2 of the Act of May 31, 1924, 43 Stat. 250, amending the Act of June 10, 1922, 42 Stat. 628, and Army Regulations 30% of April 12, 1934. ’ Such rental allowances are claimed for the periods from June 6 to October 16,' 1933, and from November 1,1933, to March 31,1934. During these periods plaintiff was on active duty with the Civilian Conservation Corps and from June 6, 1933, to January 3, 1934, the only quarters available and assigned to plaintiff for his use and occupancy consisted of tent quarters. . These quarters were not adequate under the statutes and Army Regulations above mentioned, and the defendant does not now question plaintiff’s right to recover the rental allowance at the statutory rate of $34 a month, totaling $217.60, for the *110 two periods of the claim, June 6 to October 16, 1933, and November 1, 1933, to January 3, 1934. See O'Mohundro v. United States, 84 C. Cls. 362, and Lee v. United States, 84 C. Cls. 629.
For the remainder of the period involved, to wit, January 3 to March 31,1934, while plaintiff was stationed at Arthur, Tenn., he was furnished and occupied the quarters described in finding 4. Plaintiff contends that these were not adequate quarters within the meaning of the statutes and Army Regulations 30% on the ground that this regulation provides that “shelter furnished for personal use to commissioned and warrant officers at Civilian Conservation Corps camps, and consisting of tents or space in temporary buildings or shacks, does not constitute adequate quarters as contemplated by law.” This regulation further provides that “Hereafter, commanding officers of Civilian Conservation Corps work camps, who * * * are charged with the assignment and termination of assignment of quarters, will be guided in their determination as to availability of public quarters by the foregoing decision of the Secretary of War.”
The building in which plaintiff was furnished and occupied quarters was a standard Civilian Conservation Corps building common in that service, and it was constructed for the regular use and occupancy of officer personnel of the Civilian Conservation Corps. While the building was of wood construction and might be regarded as being in a sense temporary, we think this does not entitle plaintiff to the payment of the money allowance in lieu of quarters. The building was constructed and provided by the government for such purpose. The regulation upon which plaintiff relies provides merely that shelter consisting of tents or space in temporary buildings or shacks shall not be regarded as adequate quarters. The two rooms furnished plaintiff in the standard Civilian Conservation Corps building in question cannot be regarded as only “shelter * * * consisting of space in temporary buildings.” See Coleman v. United States, 86 C. Cls. 752. We think it is clear that Army Regulations 30% cannot be interpreted as providing that quarters furnished and occupied in a standard building constructed for Civilian Conservation Corps use are not public quarters *111 available for such officers so as to entitle them to payment of tbe money allowance in lieu of quarters.
Plaintiff is entitled to recover tbe money allowance in lieu of quarters for tbe period November 1, 1933, to January 3, 1934. Judgment will therefore be entered in favor of plaintiff for $217.60. It is so ordered.
Williams, Judge,; Greek, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.