Whaley, Chief Justice,
delivered the opinion of the court:
Plaintiff, now a lieutenant, senior grade, United States Navy sues to recover $464, rental allowance for the period from July 1, 1936, to February 22, 1937, while serving at -Coco Solo, Canal Zone. At all times herein involved plaintiff was a lieutenant, junior grade, and had with him a dependent wife and child. During the period of the claim plaintiff was not assigned quarters at Coco Solo by the Naval Commanding Officer for the reason that none were available and plaintiff, upon his own request and with permission of the Army officer in command thereof, occupied Quarters 3-C at France Field, an Army flying field about one and one-half miles from Coco Solo.
Quarters 3-C had been abandoned by the Army as living quarters, and all furnishings, including stoves and heaters, had been removed. Plaintiff purchased furniture at his own expense and also made certain necessary repairs including installation of shelves, painting and varnishing, and replacement of screens at a cost of $40. He paid $13.60 for water and telephone while living at France Field, expenses *140 be would not have incurred had he been furnished quarters at the Naval Air Base, Coco Solo. Quarters 3-C contained a living room, two bedrooms, a kitchen and a bathroom, more rooms than authorized by law for an officer of plaintiff’s rank and status.
Determination of plaintiff’s claim must be controlled by the basic law as set forth in section 6 of the act of June 10, 1922, as amended by section 2 of the act of May 31, 1924 (43 Stat. 250, 251) which provides in part:
No rental allowance shall accrue * * * while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law. * * *
Plaintiff contends (1) that there has been no assignment of quarters and (2) that Quarters 3-C were not at his permanent station within the meaning of the above-quoted provision and finally (3) that Quarters 3-C were inadequate.
Since the case of Odell v. United States, 38 C. Cls. 194, it has been the consistent holding of this court that commutation for quarters is reimbursement to an officer for expenses paid by him for private quarters when the Government fails to furnish public quarters and that commutation is no part of the pay of an officer. The facts of this case show that during the entire time herein involved plaintiff and his dependents resided in Government quarters. A claim similar to that here raised was denied in Byrne v. United States, 81 C. Cls. 241, where claimant’s two dependent children resided in Government quarters although the quarters were not assigned to claimant. Plaintiff cannot avoid the established rule followed in that decision by insistence upon an unduly formalized and technical application of the words “assigned” and “permanent station” in the act of May 31, 1934, supra.
Plaintiff further contends that Quarters 3-C were inadequate. The fact is that plaintiff while living at France Field occupied a greater number of rooms than authorized by law for an officer of his rank with dependents. It is true that the building was not in the best of condition and that plaintiff made necessary repairs at his own expense. However, quarters furnished by the Government need not' be *141 elaborate, and under the statute plaintiff is entitled to recover only reasonable expenses which in his judgment it was essential to expend on the quarters furnished. Francis v. United States, 89 C. Cls. 78. These include $40 for installation of shelves and screens and for painting and varnishing and $13.60 for water and telephone. There is no evidence of 'the rental value during the claim period of furniture purchased by plaintiff and therefore there can be no recovery for this item. Taxis v. United States, 91 C. Cls. 305. Rental allowance is for commutation of quarters. The cost of gasoline used in plaintiff’s automobile in traveling the mile and a half between France Field and Coco Solo is in no sense an expenditure “on quarters” within the meaning of the-Francis ease, supra. This item must likewise be denied.
It follows that plaintiff is entitled to recover $53.60.
It is so ordered.
Littleton, Judge; and Green, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.