Littleton, Judge,
delivered the opinion.of the court:
The evidence in this case shows, and we have found as a fact, that the quarters furnished plaintiff — that is, the quarters which he was verbally told by his commanding officer were the only quarters available for his occupancy— were manifestly inadequate under the terms of the pertinent statutes and regulations which required that quarters of the number of rooms for an officer of plaintiff’s rank adequate for his occupancy be furnished, or that,.in lieu thereof, a money allowance for rental of quarters be paid. No formal assignment of quarters to plaintiff was made during or prior to this claim, in the manner prescribed by the regulations made under the pertinent statutes. Plaintiff was simply told orally by his commanding officer that under the interpretations of the regulations issued by the Secretary of War June 24,1935, (finding 7) he could occupy the quarters which the commanding officer had previously assigned to him verbally, which assignment had subsequently been terminated by the commanding officer, or let the matter drop.
*206 When plaintiff reported for duty at Ft. Bragg, North Carolina, May 23, 1935, he was not given any written assignment of quarters. Instead, he was given verbal instructions by the commanding officer of the supply corps at the post to occupy quarters in the building formerly used as bachelor quarters for officers of the Regular Army but which had been turned over to the Civilian Conservation Corps, to which plaintiff had been assigned for active duty.
The quarters which plaintiff was verbally instructed to occupy consisted of one room approximately 13 x 14 feet, with adjoining bath, in a steam-heated, two-story building. Plaintiff as a first lieutenant was entitled for his exclusive use to two rooms, and, as a captain, was entitled to three rooms. He was never assigned either. The quarters in the building mentioned were divided into suites of two rooms, with a bath for each two suites. They were unfurnished, except for Army cots. Plaintiff occupied under protest one room in the two-room suite so assigned from May 23 to July 31,1935, during which time the two-room suite was also occupied by from one to as many as six officers. There was an average of three or four officers, including plaintiff, occupying the two-room suite in which plaintiff had one room during the period June 1 to August 1, 1935, inclusive. During the period of occupancy by plaintiff of this room from May 23 to June 1, 1935, plaintiff was paid the statutory rental allowance. The quarters so occupied were noisy and overcrowded. Plaintiff had to work long hours and was unable to obtain sufficient rest. He protested several times to his commanding officer about the inadequacy of the quarters furnished him. Finally, on August 1, 1935, plaintiff was orally advised by his commanding officer that the commanding general had given permission for plaintiff to vacate the quarters and move into a nearby town, obtain quarters, and continue to receive rental allowance. Plaintiff vacated the quarters on the night of August 1 and was paid rental allowance during' the month of August 1935. He has been paid no rental allowance since that time. When plaintiff was advised that rental allowance would not be paid to him after August 1935, he protested the discontinuance of the rental allowance to his commanding *207 general and was orally advised by the commanding general that payment of rental allowance had been discontinued in view of Changes #4, War Department Regulations, Relief of Unemployment, Civilian Conservation Corps, dated June 24, 1935, and that he would have to take back and occupy the inadequate quarters which he was originally, orally instructed to occupy, and which occupancy was later similarly terminated, or let the matter drop. Plaintiff declined to take back and occupy the inadequate quarters so referred to. There were no other quarters available for plaintiff’s occupancy at the post. The refusal to pay plaintiff the statutory rental allowance in lieu of quarters was thereafter continued.
In these circumstances we think it is clear that plaintiff is entitled to recover. See Donald K. Mumma v. United States, 99 C. Cls. 261, decided February 1, 1943.
Counsel for defendant, in contending that plaintiff is not entitled to recover the statutory rental allowance herein claimed, relies upon the provision in section 6 of the act of June 10, 1922, as amended by the act of May 31, 1924, that “No rental allowance shall accrue to an officer, having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent, superior authority * * *, a less number of rooms would be adequate for the occupancy of the officer and his dependents,” and also upon War Department Regulations, Changes No. 4, hereinabove mentioned, which provided as follows:
Availability of public quarters for Army personnel at work camps. — a. Under the authority vested in him by the act of March 4, 1915 (38 Stat. 1069), and in view of the improved conditions of quarters now prevailing at Civilian Conservation Corps work camps,, the Secretary of War has determined that shelter furnished for personal use at such camps to commissioned and warrant officers who have no dependents constitutes adequate quarters as contemplated by law.
*208 b. Hereafter, commanding officers of Civilian Conservation Corps work camps, who, under the provisions of AR 210-70, are charged with the assignment and termination of assignment of quarters, will be guided in their determination as to availability of public quarters by the foregoing decision of the Secretary of War.
The act of March 4, 1915, referred to in the above-quoted regulations, provided that “The Secretary of War may determine where'and when there are no .public quarters available within the meaning of this or any other act.”
We do not think that the provision of section 6 of the act of. May 31, 1924, and the regulations of June 24, 1935, above referred to, and relied upon by defendant, have any bearing upon the decision of the question presented in this case. The statute of May 31, 1924, contemplated that the officer would be assigned for his personal use the number of rooms provided by law and that such quarters should be adequate for his exclusive occupancy. The statute provided that regulations in the execution of the provisions of the section with reference to payment of rental allowances and assignment of quarters should be made by the President. The regulations made under the statute provided that adequate quarters be assigned. That was not done in this case. As a matter of fact, the only real determination ever made was that the one room in the two-room suite was inadequate. Moreover, no quarters were ever assigned to plaintiff in the manner prescribed by the existing Army Regulations.
With reference to the above-quoted regulation of June 24,1935, concerning the matter of adequacy of the buildings at Civilian Conservation Corps work camps as quarters for personal use of officers, and the direction that commanding officers who under the provisions of Army Regulations 210-70 were charged with the assignment and termination of assignment of quarters should be guided in their determination as to availability of public quarters by the above-mentioned decision of the Secretary of War that such Civilian Conservation Corps buildings were sufficient to constitute adequate quarters, it is clear from the language •of this regulation that the Secretary of War did not decide, or intend to decide, that a less number of rooms than as provided by law for a commissioned officer would be ade *209 quate quarters in the absence of the exercise of judgment of competent superior authority of the services concerned that a less number of rooms than as provided by law would be adequate in the particular case for the occupancy of the particular officer. He was not dealing with this question in the regulations of June 24, 1935. He was making a determination only that the Civilian Conservation Corps buildings in their improved condition were sufficient to constitute public quarters and for assignment of adequate quarters therein. This regulation of June 24, 1935, meant, we think, that the officer concerned should be assigned as quarters in the Civilian Conservation Corps buildings, which previously had been treated and regarded under the regulations only as “shelter” and not as statutory quarters, the number of rooms otherwise provided by law, and that quarters, when so assigned in such Civilian Conservation Corps temporary buildings, should be regarded as adequate quarters. The Secretary of War in this regulation stated that he was making the determination that public quarters were available at the Civilian Conservation Corps camps on his view of the improved condition of the buildings for quarters then prevailing at such camps. This indicates very clearly, we think, that in-this regulation the Secretary of War was determining merely that quarters as required by law assigned to officers in the buildings then existing at Civilian Conservation Corps work camps would be adequate quarters within the meaning of the statute and the existing regulations; in other words, that the buildings were sufficient to constitute available government quarters. The word “shelter,” as used in this regulation, had reference, as above stated, to the previous determination by the Secretary of War March 6,1934, that quarters furnished to commissioned officers in temporary buildings, or shacks, at Civilian Conservation Corps work camps constituted only “shelter” and not adequate quarters and, therefore, in such cases, the rental allowance provided by law would be payable to such officers so occupying such quarters. This determination of the Secretary of War that shacks located at the Civilian Conservation Corps camps were not adequate government quarters and •that space or quarters assigned to officers therein was only *210 shelter and did not constitute adequate quarters as contemplated by law, is set forth in Army Regulations 30%, issued March 6, 1934, as follows:
30%. Availability of public quarters for Army personnel at work camps. — a. Under the authority in him vested by the Act of March 4, 1915 (38 Stat. 997), the Secretary of War has determined that shelter furnished for personal use to commissioned and warrant officers at Civilian Conservation Corps work camps and consisting of tents or space in temporary buildings or shacks does not constitute adequate quarters as contemplated by law, and if such shelter only has been or is available and'has been or is being furnished at any work camp, then there are not, and at no time have been, any public quarters available for such commissioned and warrant officers at said work camp.
b. Hereafter, commanding officers of Civilian Conservation Corps work camps, who, under the provisions of AR, 210-70, are charged with the assignment and termination of assignment of quarters, will be guided in their determination as to availability of public quarters by the foregoing decision of the Secretary of War. Youchers covering rental allowances for officers on duty at Civilian Conservation Corps work camps will hereafter be supported by certificates from commanding officers concerned. These certificates will clearly set forth whether or not adequate public quarters were available for assignment during the period covered.
In view of the foregoing, we cannot agree with the contention of the defendant, based upon the regulations contained in Changes No. 4 of June 24,1935, that “It seems clear, then, that in accordance with the requirements of the statute, competent, superior military authority, viz, the Secretary of War, has determined that plaintiff’s quarters were adequate.” In the regulations of June 24, 1935, as hereinbefore stated, the Secretary of War did not pass upon and did not intend to -determine that quarters in the Civilian Conservation Corps buildings which did not meet the requirements of the statutes and existing regulations as to adequacy would be adequate within the meaning of paragraph 4 of section 6 of the act of May 31, 1924. The Secretary of War, by paragraph (b) of the regulations of June 24,1935, expressly left the matter of assignment of quarters, the determination *211 of what constituted adequate quarters, and the matter of determining whether a less number of rooms than as required bj law and the regulations constituted adequate quarters, to the commanding officer concerned.
It is clear in this case that the commanding officer at the Civilian Conservation Corps post at Ft. Bragg did not determine that a less number of rooms than as provided by law and the regulations constituted adequate quarters. When he orally advised plaintiff shortly prior to September 1, 1935, that he would have to occupy the same quarters which he, the commanding officer, had already determined to be inadequate, or let the matter drop, the commanding general simply misinterpreted the regulations of June 24, 1935, and based his advice to plaintiff that he would have to occupy the inadequate quarters (which had previously been orally assigned and orally revoked), on the action of the finance officer of the War Department in advising plaintiff that he would not be paid rental allowance after the month of August 1935. This ruling of the finance officer was simply that C. C. C. buildings constituted available government quarters and nothing more.
Defendant makes the further contention that plaintiff should be denied recovery of rental allowance after September 1, 1935, on the ground that he did not file a claim with the Corps area commanding general until December 6, 1939, under.Army Kegulations 210-10 bj (2), August 20, 1934, which dealt with the assignment of quarters and also provided that “Any officer may appeal to the Corps Area Commander * * * if he feels that the commanding officer has not properly determined his case. * * *” This regulation does not make it mandatory that the officer concerned appeal to the Corps Area Commander as a condition to his right to claim rent allowance provided by statute. In any event, the plaintiff was never assigned quarters, either adequate or inadequate, in accordance with the requirements of the regulations, nor did his claim for rental allowance arise as a result of the assignment to him in accordance with the regulations of quarters which he con-uidered to be inadequate. The statute is mandatory in its provision that, except as provided in the fourth paragraph *212 of section. 6, the officer concerned “shall be entitled at all times to a money allowance for the rental of quarters.” The defense of laches is not well founded. The petition was filed well within the limitation provided by law for the bringing of suits on claims of the character here involved.
Judgment will be entered in favor of plaintiff for $909.33. It is so ordered.
MaddeN, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.
JoNes, Judge, took no part in the decision of this case.