## ADAMS v. UNITED STATES.

No. 46016.

Court of Claims.

April 1, 1946.

---

* Brosnan v. American President Lines, Ltd., 1943 A.M.C. 526:648.

20, 1941, and the amount to which he says he is entitled because of his dependent child, Gilbert Stuart Adams.

Plaintiff married Margaret Turnbull on June 28, 1932. On August 31, 1940 he was divorced from her, and in the following month she married Captain Charles L. Andrews, with whom she lived until July 21, 1941, when her marriage to him was dissolved. About two years later, to wit, on November 11, 1943, she remarried the plaintiff.

The custody of the child of the marriage, Gilbert Stuart Adams, was awarded to the mother and he lived with her in Government quarters furnished to Captain Andrews. Rental and subsistence allowance due an officer with dependents was withheld from plaintiff for this period. For this amount he sues.

Under the Act of June 10, 1922, 42 Stat. 625, 628, as amended by the Act of May 31, 1924, 43 Stat. 250, 37 U.S.C.A. § 10, an officer of the Army is "entitled at all times, in addition to his pay, to a money allowance for [subsistence]," and he is also "entitled at all times to a money allowance for rental of quarters," unless the Government furnishes him the number of rooms to which he is entitled under the law. If he has dependents, he is entitled to a greater allowance for both subsistence and rental than he is if he has no dependents.

Plaintiff says he is entitled to the additional allowance because his son was dependent upon him. He says he was dependent upon him notwithstanding his divorce from his wife and the award of the custody of the child to the mother. This is correct. The responsibility for the support and maintenance of a minor child is on the father, and in many cases it has been held that this obligation continues notwithstanding a decree of divorce and the award of the custody of the child to the mother. Dunbar v. Dunbar, 190 U.S. 340, 352, 23 S.Ct. 757, 47 L.Ed. 1084; Wills v. Wills, 168 Ky. 35, 181 S.W. 619; Graham v. Graham, 140 Tenn. 328, 204 S.W. 987; McCloskey v. McCloskey, 93 Mo.App. 393, 67 S.W. 669; Brown v. Brown, 132 Ga. 712, 64 S.E. 1092, 131 Am.St.Rep. 229. The courts uniformly hold that where the divorce decree directs the father to pay an amount for the child's support the father is not relieved of the obligation even by bankruptcy, because his obligation rests not on contract but on

M. C. Masterson, of Washington, D. C. (Ansell & Ansell, of Washington, D. C., on the brief), for plaintiff.

I. M. Gottlieb, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen. (S. R. Gamer, of Washington, D. C., on the brief), for defendant.

WHITAKER, Judge.

Plaintiff sues for the difference between the rental and subsistence allowance paid to him from September 14, 1940 to July

parental duty. Dunbar v. Dunbar, supra; Hylek v. Hylek, 7 Cir., 148 F.2d 300.

In the case at bar plaintiff was directed to pay the sum of $75.00 per month for the child's support.

Clearly, plaintiff's child was a dependent as that word is used in the Act.

■ The Act of June 10, 1922, as amended, was designed to reimburse, in whole or in part, an officer who was obliged to furnish food and shelter to his dependent child. Odell v. United States, 38 Ct.Cl. 194; Irwin v. United States, 38 Ct.Cl. 87; Hollister v. United States, 92 Ct.Cl. 137. Plaintiff did furnish money with which to provide both food and shelter for his son. This amount was fixed by the divorce court at $75.00 per month, and this was regularly paid by plaintiff during his separation from his wife. It would seem to follow, therefore, that he is entitled to reimbursement to the extent provided for in the Act.

The law, however, provides for payment to an officer of a sum of money for rental allowance only when there has not been assigned to him "the number of rooms provided by law for an officer of his rank * * *." It is not disputed that there was not assigned to this plaintiff the number of rooms to which an officer of his rank with dependents was entitled; but the defendant says that plaintiff's son was housed in quarters provided by the Government to another officer who had succeeded plaintiff in his wife's affections, and that this relieves the defendant of its obligation to plaintiff.

■ We cannot agree. In the first place, plaintiff has not been reimbursed for the money he has spent to provide food and shelter for his child. In the second place, the rooms furnished Captain Andrews were not furnished him because plaintiff's son was dependent upon him. They were furnished to him because his wife was dependent upon him. The number of rooms to which he was entitled was not augmented by the fact that plain-

tiff's son was living with him. As defendant says in its brief, an officer is entitled to a certain number of rooms and to a certain subsistence allowance if he has a dependent, and this amount is not increased if he has more than one dependent. Defendant has furnished Captain Andrews only that number of rooms to which he was entitled on account of his wife's dependency; it has not furnished him additional rooms because this child lived with him. The defendant has been put to no additional expense because this child occupied Government quarters, and the father has not been reimbursed for the amount he has spent to provide food and shelter.

Plaintiff's son was dependent upon him. He was a "dependent" as that word is used in the Act, and an officer with a dependent was entitled to a greater subsistence and rental allowance than has been paid plaintiff. The defendant has not furnished plaintiff the number of rooms to which he was entitled as an officer with a dependent and, therefore, under the Act it is required to pay him in money the rental value of these rooms and the increased subsistence allowance on account of his son's dependency.

This is not in conflict with our holding in Byrne v. United States, 87 Ct.Cl. 241. The decision in that case was based expressly on the fact that the plaintiff there had been put to no expense in providing quarters for his children; but here this plaintiff has been put to expense for this purpose. He has paid $75.00 per month to provide, among other things, food and shelter for his child. He has not been reimbursed for this by the defendant. He is entitled to be under the Act. Plaintiff, therefore, will have judgment for $390.66. It is so ordered.

WHALEY, Chief Justice, and JONES, and LITTLETON, Judges, concur.

MADDEN, Judge, took no part in the decision of this case.