LittletoN, Judge,
delivered the opinion of the court:
Plaintiff, a lieutenant commander in the Naval Reserve, was assigned to and reported to the Naval Air Station, Corpus Christi, Tex., March 15, 1941. He was a bachelor officer without dependents. At that time no quarters were available for him at the Naval Air Station and he obtained an apartment in Corpus Christi which he occupied until April 2,1941, *824 and because of this he was allowed and paid the statutory rental allowance in lieu of quarters.
On the last-mentioned date he was advised in writing by the Commanding Officer of the Naval Air Station, as set forth in finding 2, that adequate quarters comprising the number of rooms (3 rooms) provided by law for an officer of his rank were not available to him at that station. He was further advised that “You are assigned one room with general bath in Bachelor Officers’ Quarters in accordance with Art. 1819, pagagraph 9, U. S. Navy Regulations.” Plaintiff moved to the quarters so assigned and occupied them from April 2, 1941, to June 26, 1942. He was paid a monthly rental allowance on the basis of three rooms from April 2, 1941, until March 31, 1942, in the total amount of $718, when the Comptroller General ruled that under section 2 of the act of May 31, 1924, 43 Stat. 250, and the regulations applicable to the Navy Department plaintiff was not entitled to receive the money allowance for rental of quarters when he had occupied the quarters which had been assigned to him, and the amount of $718 so paid was thereafter checked against his pay and thereby refunded to the Government. From that date until June 26, 1942, plaintiff continued to occupy the quarters which had been assigned to him and received no rental allowance.
Plaintiff claims and seeks to recover the rental allowance of $718 paid to him, and subsequently deducted from his pay, on the ground that it was expressly stated by his commanding' officer that the quarters assigned were not adequate within the meaning of the statute and the regulations for an officer of his rank; that the commanding officer of the Air Station did not determine prior to March 31,1942, that the one room with general bath in the bachelor officers’ quarters assigned on April 2,1941, was adequate for the occupancy of plaintiff in the particular case and that section 2, swpra, required the payment of such allowance under the circumstances. Section 2 of the act of May 31, 1924, supra, amending section 6 of the act of June 10, 1922, 42 Stat. 625, provided, so far as here material, as follows:
*825 Sec. 2. That section 6 of said Act be, and the same is hereby, amended to read as follows:
“Sec. 6. Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this Act, while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters. * * *
“No rental allowance shall accrue to an officer, having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.”
Regulations in execution of the provisions of this section in peace and in war shall be made by the President and shall, whenever practicable in his judgment, be uniform for all of the services.
By Executive Order 4068 of August 13,1924, the President issued certain regulations under this section, of which paragraphs T and 9 of Navy Regulations 1819, quoted in finding 2, were a part. As shown in the findings these regulations provided first that no officer who, when adequate quarters are not available for assignment to him at his permanent station, is permitted or required personally to occupy inadequate ^quarters at said station shall so occupy more than one room and bath; and, second, that the voluntary occupation by an officer without dependents of quarters assigned shall be conclusive proof that they are adequate. In view of these regulations, which have the force, and effect of law, and the provision of the statute that money allowance provided by statute is “for rental of quarters,” it cannot be held on the facts in this case that plaintiff is entitled to recover. Carter v. United States, 19 C. Cls. 166.
Plaintiff accepted the assignment of the quarters in question and occupied them without protest or appeal from the assignment made by the commanding officer, and in the cir *826 cumstances it must be held under the statute and the regulations that such quarters were adequate in the particular case within the meaning of section 6, as amended, sufra. This conclusion on the facts in this case is not inconsistent with the decisions of this court in Donald K. Mumma v. The United States, 99 C. Cls. 261; Cole v. United States, 100 C. Cls. 201, and Gilbert N. Adams v. The United States, 106 C. Cls. 209 (decided April 1, 1946).
The petition is therefore dismissed. It is so ordered.
JoNes, Judge; and Whaley, Chief Justice, concur.