LittletON, Judge,
delivered the opinion of the court:
The first claim of plaintiff is for the difference in pay of a Lieutenant (j. g.) and a Lieutenant in the Navy for the period October 1,1942, and January 26,1944. The plaintiff was appointed a Lieutenant (j. g.) in the Naval Reserve March 14,1942, to rank from March 6,1942. On March 26, 1942, plaintiff received the following orders from the Chief of the Bureau of Navigation, Navy Department:
1. Upon acceptance of appointment as a Lieutenant jg), D-V, U.S.N.R., and in accordance with the references, you will proceed to such place and report to such medical officer as may be designated by the Director of Naval Officer procurement in your District, for physical examination. You are hereby ordered to active duty for this purpose and will be considered in an active duty status during the time required for physical examination and for travel necessary for compliance with these orders. * * *
*148 8. If found physically qualified, you will further proceed to San Francisco, California, and report to the Commandant, Twelfth Naval District, for temporary active duty awaiting first available transportation to Pearl Harbor, T. H. Upon arrival, proceed and report to the Commandant, Fourteenth Naval District, for active duty.
As shown in findings 4 and 5, plaintiff was physically examined on April 17,1942, and was found physically qualified for active duty. He departed from Minneapolis on April 21, 1942, and proceeded to San Francisco where he reported to the Commandant, Twelfth Naval District, on April 24,1942. After having been furnished transportation to Pearl Harbor, T. H., he reported there for duty.
The Navy Department, on October 1,1942, sent a telegram (known as Alnav 209) to all naval activities, directing the promotions in rank of certain Naval officers including, among others, promotions to the grade or rank of lieutenant for temporary service, as follows:
* * * X LIEUTENANTS JUNIOR GRADE OF LINE AND STAFF CORPS OF NAVAL RESERVE WITH DATE OF RANK AS SUCH EARLIER THAN SIXTEEN APRIL NINETEEN FORTY TWO WHO HAVE SERVED CONTINUOUSLY ON ACTIVE DUTY FROM A DATE PRIOR TO SIXTEEN APRIL NINETEEN FORTY TWO X.
As shown in finding 7, the Commandant, Fourteenth Naval District, notified plaintiff on October 3, 1942, of his promotion under Alnav 209 to the rank of Lieutenant (for temporary service), and on November 7, 1942, the Chief of Naval Personnel reversed the action of the Commandant of October 3,1942, and held that plaintiff was ineligible for the promotion, which the Commandant had given, on the ground that plaintiff had not served continuously on active duty from a date prior to April 16,1942, and was not, therefore, eligible for promotion under Alnav 209.
In our opinion the plaintiff is not entitled to recover on this claim. In cases such as this, the appointing authority has discretion in the matter of fixing rank and pay and the qualifications for office. Coleman v. United States, 100 C. Cls. 41. The official of the Navy authorized to decide whether plaintiff came within the terms of Alnav 209, held *149 that plaintiff was not qualified under that authority for the higher rank in October 1942, and this court will not attempt to interfere with.the.exercise of-Executive discretion in this regard. Alnav 209 was not a contract, nor was it a regulation having the force and effect of a statute. The interpretation of Alnav 209 by the Chief of Naval Personnel was clearly consistent with the facts of plaintiff’s case. It is difficult to see how plaintiff could be regarded as having served continuously on active duty from a date prior to April 16, 1942, when he did not pass his physical examination until April 17,1942.
With reference to plaintiff’s second claim for rental allowance, it appears, that for the period September 2 to 12, 1944, he was an out-patient of the Naval Hospital at his temporary duty station at Coronado, California. He was assigned quarters at that place. He elected to procure his own quarters elsewhere. There is no showing that there was a determination by the proper officer that the quarters assigned were inadequate for an officer of his rank, that is, Lieutenant (j. g.), nor is there proof to establish the fact of inadequacy of the quarters.
For the balance of the period from September 13, 1944, to March 3,1945,-plaintiff was a resident patient in the Naval .Hospital and, therefore, he neither occupied nor rented quarters during .that period at this temporary station. The plaintiff would doubtless have been furnished bachelor quarters during'this period if he had not been a patient in the hospital. While Navy Regulations (Article 2142-4 (b) Bureau of Supplies and Accounts Manual), provide generally .that an officer without dependents is entitled to rental allowance while in a-hospital, that rule is restricted in its application to cases where the officer is otherwise in a status at his permanent station entitling him to rental allowance under the .statutes-and regulations. In view of this interpretation and ■since plaintiff was not required to procure quarters at his temporary station he is not entitled to recover the rental allowance claimed. 6 Comp. Gen. 17; Jones v. United States, 430 C. Cls. 552; Byrne v. United States, 87 C. Cls. 241; Driver v. United States, 106 C. Cls. 821.
*150 The third claim of plaintiff is for rental allowance for the period June 19 to October 11, 1946, while he was on duty at the U. S. Naval Receiving Station, • Treasure Island, San Francisco, for the purpose of examination by a Retiring Board. At this station quarters were available and assigned to plaintiff, and he occupied them. He is not, therefore, entitled to recover on this claim. Driver v. United States, sufra.
The plaintiff is not entitled to recover on any of his claims, and his petition is, therefore, dismissed.
It is so ordered.
Howell, Judge; Madden, Judge; Whitakeh, Judge; and Jones, Chief Judge, concur.