Campbell, Chief Justice,
delivered the opinion of the court:
The question for decision is whether Major Markley is entitled to rental allowance under the facts found and the applicable statutes. The facts show that he was serving as a major in the Judge Advocate General’s Department at headquarters in the Panama Canal Department, Canal Zone, when an order dated October 5,1922, was issued relieving him from further duty in that department, effective at such time as would enable him to proceed on the first available transport sailing from Cristobal to New York. This order also directed that immediately upon his arrival in the United States the officer should report by letter to The Adjutant General of the Army, at Washington, for instructions, and further provided: “Lqave of absence for two months and ten days, to terminate not later than December 15, 1922, is granted Major John M. Markley, Judge Advocate General’s Department, effective upon his arrival in the United States ” in compliance with the first paragraph of the order mentioned. He arrived in New York October 16 and reported at the Judge Advocate General’s Office in Washington the next day, asking to be assigned to duty. On October 25, 1922, an order was issued, effective December 15, 1922, by which this officer was honorably discharged from the service with one year’s pay.
The order of October 5 was preparatory to his honorable discharge, in accordance with legislation cutting down the total- number of officers of the Army (42 Stat., 721-723, 840, 841). The suit was brought in August, 1923, but the plaintiff relies not only upon the act of June 10, 1922, 42 Stat., 628, but also upon the amendatory act of May 31, 1924, amending section 6 of the prior act of June 10, 1922. The plaintiff was denied rental allowance and the Government insists that this denial was proper for the reasons stated in the Comptroller General’s opinion in the matter of Crosby, 2 Dec. Comp. Gen., 160. In 2 Dec. Comp. Gen., 399, is a further discussion of the question of rental allow- *927 anees under the act of June 10, 1922. In our view, the later act of May 31, 1924, 43 Stat., 250, is controlling. Its provisions are in terms made effective from and after July 1, 1922. The applicable provision of this act is that each commissioned officer below the grade of brigadier general in any of the services mentioned in the title of the act “ While either on active duty or entitled to active duty pay shall be entitled, at all times, to a money allowance for rental of quarters.” The plaintiff was entitled to active duty pay until his discharge became effective on December 15,1922. He had dependents. He is therefore entitled to the rental allowances claimed between the dates of October 15 and December 15, 1922. Judgment will be awarded accordingly. And it is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.