Whaley, Chief Justice,
delivered the opinion of the Court:
Plaintiff, a commissioned officer on active duty in the United States Marine Corps with the rank of First Lieutenant, sues for the rental allowance of an officer of his rank and grade without dependents for the period from August 1,1928, to June 2, 1929, while assigned to duty with *130 the United States Marine Corps in China. Plaintiff bases his claim upon Section 6 of the Act of June 10, 1922, as amended by section 2 of the Act of May 31, 1924 (43 Stat. 250, 251).
From August 1, 1928, to August 20, 1928, while stationed at Tientsin plaintiff occupied jointly with other officers an unheated and unfurnished room in a building ordinarily occupied by enlisted men and known as billets.
On August 20, 1928, under competent orders, he departed from Tientsin and proceeded to Shanghai, arriving there. August 27, 1928. From August 27, 1928, to March 29, 1929, he occupied in Shanghai a room identical with that occupied by him in Tientsin. In both Shanghai and Tientsin plaintiff had joint use with other officers of a living room and bathing facilities in the Officers’ Mess. Likewise, in both places plaintiff furnished his own bed and other articles of furniture. On March 29, 1929, plaintiff was given leave of absence and sailed from Shanghai for the United States, arriving April 22, 1929. Plaintiff defrayed the cost of this travel and has not been reimbursed therefor. On June 2, 1929, while still on leave of absence in the States, he was detached from further duty with the Marines in China and ordered to report to Marine Barracks, Norfolk Navy Yard, Portsmouth, Virginia. At no time during the period of his claim has plaintiff been paid rental allowance.
With respect to the period spent in Tientsin and Shanghai when plaintiff occupied jointly with other officers an unheated and unfurnished room ordinarily occupied by enlisted men, plaintiff’s claim is controlled by Francis v. United States, 89 C. Cls. 78, 82. Therein, as here, claimant was an officer in the Marine Corps and while stationed in Shanghai occupied in a Government building a room inadequately heated and furnished, using during his occupancy the bathing- and living room facilities of a private club. The court in its opinion stated:
* * q^ie defendant furnished the quarters, and the plaintiff occupied them; true, they were not elaborate, but plaintiff was saved the expense of procuring others, and under the statute he receives full reimbursement for all monies expended which in his judgment *131 it was essential to expend, and in addition a judgment for the defendant’s failure to furnish, him the quarters the law entitled him to receive.
The fact that plaintiff occupied a room jointly with other officers while claimant in the Francis case had the exclusives use of a single room is insufficient to remove plaintiff’s claim from the rule there applied. Where an officer occupies one room in a Government building, although entitled to more than one, he cannot recover for the one room occupied. For the period while stationed at Tientsin and Shanghai plaintiff is, therefore, entitled to recover the difference in value between the¡ quarters furnished him and the value of those to which he is entitled under the law. No evidence appearing in the case as to the amount expended by plaintiff in renting furniture, there can be no recovery for this item. Larson v. United States, 91 C. Cls. 304. Likewise, there can be no recovery under the statute for the time between August 20, 1928, and August 27, 1928, when plaintiff was en route from one station to another.
With' respect to the period from March 29, 1929, to June 2,1929, when plaintiff was on leave of absence during which time no quarters were furnished nor rental allowance paid, plaintiff is entitled to rental allowance for an officer of his rank and grade without dependents. Markley v. United States, 59 C. Cls. 924.
Entry of judgment will be suspended to await the filing of a report from the General Accounting Office showing the amount due plaintiff in accordance with this opinion. It is so ordered.
Littleton, Judge; and Green, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.
Upon a report from the General Accounting Office, filed January 8, 1941, and in accordance with the above opinion, the court on January 13, 1941, entered judgment for the plaintiff in the sum of $323.99.