Whitaker, Judge,
delivered the opinion of the court:
The plaintiff claims rental allowance from February 3, 1932, to September 18, 1932, during which time he was on *449 duty in China. No quarters were assigned to him, but for about two months after he first arrived he was permitted to occupy, first, a small single room, and, later, a larger room in company with another officer. After about two months he moved out of these quarters of his own volition and secured a room with bath at the Young Men’s Christian Association, which he occupied for the remainder of his stay in China. He sues for rental allowance both while occupying Government quarters and after he had moved out.
Under numerous decisions of this court there must be deducted from his rental allowance the value of the Government quarters occupied by him; Francis v. United States, 89 C. Cls. 78; and this is so, even though he shared his room with another; Hartsel v. United States, 92 C. Cls. 127. The defendant says there should be deducted also the value of these quarters even after plaintiff vacated them.
In Cornell v. United States, 93 C. Cls. 314, 315, it was held in a per cariara opinion that plaintiff was not entitled to recover his full rental allowance where he had occupied Government quarters and then vacated them; but that he was entitled to recover only the difference between the rental allowance and the value of the quarters “made available by the Government.” That case, however, is not authority here because there is no showing here that the room remained available to plaintiff after he vacated it. After he vacated it, for aught that appears, it may have been assigned to another officer, leaving none available to the plaintiff.
Under the 1924 Act (43 Stat. 250) a plaintiff must show only that no quarters were assigned to him; if not, he is entitled as of right to the money allowance. Section 6 of that Act reads in part:
Except as otherwise provided in the fourth paragraph of this section, each commissioned officer * * * shall be entitled at all times to a money allowance for rental of quarters. * * *
The first of the two exceptions mentioned in paragraph 4 applies only to an officer without dependents. The other applies to all officers, and provides that the money allowance is not payable where the officer “is assigned” the number of rooms to which he is entitled. Therefore, to *450 establish .his right to the money allowance an officer must only show that he had not been “assigned” the number of rooms to which he was entitled. This the plaintiff here has done. It is not necessary for him to go further and show that no rooms were available for assignment, although this probably was necessary under the 1922 Act (42 Stat. 625). Under that Act an officer was entitled to a rental allowance only if public quarters were not available; but this provision was eliminated in the 1924 Act, and there was substituted the condition that public quarters had not been assigned.
This change was right and proper. Whether or not there was a room available was known to the defendant, but could not have been known definitely by the plaintiff; he could not know what disposition the Commanding Officer may have had in mind for any vacant rooms. When plaintiff has shown that he had not been “assigned” quarters, he has carried the entire burden placed upon him.
This is not in conflict with Cornell v. United States, supra. There, it appears from the opinion, certain rooms were “made available by the Government.” Presumably this means, had been assigned by the Government. It is agreed in this case there had been no assignment. In the absence of an assignment, plaintiff is entitled to the money allowance.
Plaintiff sues for his allowance from February 4, 1932, to September 14, 1932, both inclusive, but he is not entitled to recover any amount due more than six years prior to filing his petition because liability for that is barred by the statute of limitations., Judgment is rendered for the amount due since April 7, 1932, to and including-September 14, 1932. No deduction from this amount is made for the value of Government quarters occupied by plaintiff because they were occupied by him prior to this period.
Judgment is rendered against the defendant and in favor of the plaintiff in the amount of $199.47. It is so ordered.
.Madden, Judge; JoNes, Judge; Littleton, Judge; and Wi-ialey, Chief Justice, concur.