Whitaker, Judge,,
delivered the opinion of the court:
Plaintiff, a Warrant Officer, Army Mine Planter Service, United States Army, sues for the rental allowance to which he is-entitled under the Act of May 31, 1924 (43 Stat. 250), for the period from January 26, 1935 to March 2, 1937, inclusive. During this period the plaintiff was on duty on the mine planter Col. Geo. F. E. Harrison stationed at Fort Mills, Philippine Islands. Throughout this 'period he was on continuous sea duty, except for five occasions when the mine planter had to undergo major repairs, during which time he occupied a furnished room, for which he paid $42.00 a month in United States currency.
Sometime prior to the period of the claim plaintiff arrived at the Philippine Islands on an army transport to assume his duties on the mine planter Harrison. On arrival orders were issued to the incoming passengers assigning them quarters. Plaintiff’s name was not on the list, and neither then nor at any other time during the period of the claim has he been assigned quarters, although he was entitled to them, or a rental allowance in lieu thereof, even while at sea, by reason of the fact that he had a dependent wife. At no time during his tour of duty in the Philippines did plaintiff request assignment of quarters. He explains his failure to do so as follows:
On the same boat arriving in the Philippines was First Mate Frank Lang. He was single and he was assigned quarters at Fort Mills. My name could not be found in the list so I presumed that there was no quarters available for me at Fort Mills.
In my previous tour of duty in the Philippines, namely, from March 3, 1930, to March 3, 1932, I was assigned quarters ashore at Fort Mills. After a short period, my quarters was taken away from me and rent allowance paid for that period. On that assumption, I then believe [d] that when no quarters are assigned to me, there was none available for me, and that is the reason I am claiming rental allowance.
*403 Because the health of plaintiff’s wife was bad she did not accompany him to the Philippine Islands, but remained in San Francisco.
The first paragraph of section 6 of the Act of June 10, 1922, as amended by section 2 of the Act of May 31, 1924 (43 Stat. 250), under which plaintiff claims, reads in part as follows:
Sec. 6. Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this Act, while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters. sfc ' ijs #
The fourth paragraph referred to reads as follows:
No rental allowance shall accrue to an officer, having-no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.
Section 11 of the Act of June 10, 1922 (42 Stat. 630), makes the provision for a money allowance for rental of quarters applicable to warrant officers, Army Mine Planter Service.
The first paragraph of section 6 created in the plaintiff an absolute right “to a money allowance for rental - of quarters” unless he came within one of the exceptions enumerated in the fourth paragraph of this section. The first exception applies only to an officer without dependents and, therefore, has no application to plaintiff. The second exception is applicable to plaintiff because applicable to an officer with or without dependents. Under this exception an officer is not entitled to a money allowance for rental of quarters if he is assigned the number of rooms to which he is entitled under the law.
It is admitted that this plaintiff was not assigned any rooms at all and, therefore, it would appear that he is *404 entitled to the “money allowance for rental of quarters.” But, the defendant says this is not so because he did not request an assignment of quarters. Defendant’s theory seems to be that his failure to do so created some sort of estoppel against his demanding the rights accorded him by statute.
No estoppel could arise from plaintiff’s failure to make this request unless there was a duty upon him to make it. Mere silence or “standing by” never gives rise to an estoppel unless there is a duty on the party to speak. Wiser v. Lawler, 189 U. S. 260; Crary v. Dye, 208 U. S. 515; Gerlach Co. v. Noyes, 251 Mass. 558; 45 A. L. R. 961; Fraser v. Portland, 81 Ore. 92; 9 A. L. R. 614; Nelson v. Chicago Mill & Lumber Corp. 76 F. (2d) 17, 100 A. L. R. 87. The defendant in its brief points to no Army Regulation or General Order or anything else that imposes upon an officer the duty of requesting assignment of quarters. The duty of making the assignment is on the Commanding Officer. Paragraph 11 (b) of Executive Order No. 4063, dated August 13, 1924, reads in part as follows:
(b) Every officer permanently stationed at a post, yard, or station where public quarters are available, will be assigned thereat as quarters the number of rooms prescribed by law for an officer of his rank, or a less number of rooms determined by competent superior authority, in accordance with regulations of the Department concerned, to be adequate in the particular case for the occupancy of the officer and his dependents, if any; * * *
See also Army Regulations 210-70, sec. 2, bj (2). The Commanding Officer is in charge of quarters at the Post and only he, or someone for him, can make the assignment. There is nothing that has been pointed out to us or that we have been able to find that imposes upon an officer the duty of requesting the Commanding Officer to perform the duty imposed upon him by the law and regulations.
In the absence of a duty to make this request, the officer is not estopped to claim that to which he is entitled under the law.
*405 Indeed, there is no competent evidence in the record to show that the situation would have been any different even though this officer had requested assignment of quarters, because there is no competent evidence in the record to show that public quarters were available. There is a statement by the Commanding General that there were quarters available, but this statement was not made under oath, and the plaintiff was not given the opportunity of cross-examining him. The statement was not, as defendant says, a contemporary record of the transaction it recorded, nor is it admissible, as claimed, under section 695 of Title 28 of the Judicial Code.
If no quarters were available, none could have been assigned, in which case plaintiff clearly would have been entitled to the money allowance.
But defendant says that the affirmative duty is on the plaintiff to prove that quarters were not available, for which he cites as authority Crosby v. United States, 13 C. Cls. 110. It is true that in a one paragraph opinion we did hold in that case that the duty was upon an officer to show that no quarters were available, as a condition precedent to his right to recover the money allowance. The opinion does not cite or quote the statute in force at the time. We presume it must have been similar to the Act of June 10,1922 (42 Stat. 625), which entitled an officer to a money allowance for rental of quarters “if public quarters are not available.” Under such an Act, there probably would be an obligation upon the plaintiff to show that public quarters were not available ; but not so under the Act of May 31,1924 (43 Stat. 250), under which plaintiff sues. That Act does not east upon the plaintiff the burden of showing that public quarters were not available; all that it requires him to do is to show that he was not assigned the proper number of rooms. James B. Lake, Jr. v. United States, No. 43912, decided December 7, 1942, 97 C. Cls. 447.
Judgment will be rendered for the plaintiff against the United States for the sum of $1,005.00. It is so ordered.
Madden, Judge; Jones, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.