MaddeN, Judge,
delivered the opinion of tbe court:
Tbe plaintiff is a Chief Petty Officer in tbe United States Navy. At all times here pertinent he lived in private quarters with bis dependents in tbe vicinity of tbe Naval Medical Center at Bethesda, Maryland. In September 1945 be was stationed at tbe Medical Center and attached to tbe United States Naval Medical School which was a unit of tbe Medical Center. At that time tbe plaintiff’s family was receiving a family allowance of $80.00 per month as authorized by tbe Servicemen’s Dependents Allowance Act of 1942, 56 Stat. 381. At the same time tbe plaintiff was receiving a monetary allowance of $1.25 per day in lieu of quarters for himself, there being no quarters available at tbe Medical Center for either himself or bis dependents.
On October 24, 1945, tbe plaintiff was transferred from tbe Medical School to tbe Naval Medical Research Institute, also located at tbe Medical Center. Tbe School and tbe Institute are treated as separate naval activities, each having its own personnel. However, tbe same disbursing officer handled tbe pay accounts for both tbe School and tbe Insti *139 tute, hence there was no change in the custody of the plaintiff’s pay records following his transfer from the School to the Institute. The disbursing officer, by error, did not obtain a new authorization for the payment to the plaintiff of the quarters allowance at his new station at the Institute. This was inconsequential, at the time, since there were then no quarters available at the Institute, and Chief Petty Officers there were being paid quarters allowances.
On October 20, 1946, by order of competent authority, Government quarters became available for assignment to the plaintiff and his dependents at the Institute. But, apparently because the plaintiff was still being carried on the Medical School payroll, at least as to his quarters allowance, he was not assigned Government quarters, and was still paid his quarters allowance, until July 16, 1948, at which time the error in the records was discovered. The amount which the plaintiff had received as quarters allowance from October 20, 1946 to July 16,1948 was deducted, in installments, from his pay after the latter date. The plaintiff says that the deduction was improper, and he sues for the amount so deducted.
The plaintiff’s claim is based upon Section 10 of the Act of June 16,1942, 56 Stat. 359, 363, which says, in effect, that an enlisted man not furnished quarters in kind is entitled to a monetary allowance for quarters. We have held that quarters are not “furnished” to a man merely because there are quarters available for his occupancy. They must be assigned to him. Lundblad v. United States, 98 C. Cls. 397; Lake v. United, States, 97 C. Cls. 447. There is no finding that the plaintiff in the instant case knew that there were quarters available. The mistake that was made was not his mistake, and should not result in depriving him of a right given him by statute. The plaintiff is entitled to recover. Entry of judgment will be suspended to await the receipt from the General Accounting Office of a report showing the amount due the plaintiff.
It is so ordered.
Howell, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
*140 The court makes findings of fact, based upon the facts as stipulated by the parties, the briefs and argument of counsel, as follows: ~
1. The plaintiff, Melvin J. Hadden, is a Hospital Corpsman, Chief, United States Navy, and at all times hereinafter mentioned was serving on active duty, was married, and lived in private quarters with his dependents at 4800 Bradley Boulevard, Chevy Chase, Maryland, which is in the vicinity of the Naval Medical Center at Bethesda, Maryland.
2. While plaintiff was stationed at the United States Naval Medical School, National Naval Medical Center, Bethesda, Maryland, the payment to his dependent of a family allowance was authorized by competent authority and was started, effective August 1, 1945. This family allowance amounted to Eighty Dollars ($80.00) per month which was made up of Twenty-two Dollars ($22.00) per month deducted from plaintiff’s pay and a cash contribution from the government of Fifty-eight Dollars ($58.00) per month. Plaintiff received this family allowance throughout the periods of time hereinafter referred to. Effective as of September 1, 1945, plaintiff also received, as authorized by competent authority, the payment of a monetary allowance of $1.25 per day in lieu of quarters for him, there being no quarters available for him at the Center at that time.
3. Plaintiff was transferred from the Naval Medical School to the Naval Medical Research Institute on October 24,1945. Although the Medical School and the Medical Research Institute are both located at the Naval Medical Center, they are considered to be separate naval activities insofar as the personnel stationed there is concerned.
4. At the time plaintiff reported to the Medical Research Institute there were no married quarters available for chief petty ofiicers. It was the policy of the Institute to request authorization for payment of the quarters allowance to incoming personnel.
5. Through an administrative error, the disbursing officer who handled the accounts for both the Medical School and the Medical Research Institute continued to credit plaintiff’s *141 account with the quarters allowance, although no request was made, nor a new authorization obtained for payment of such allowance while plaintiff was attached to the Medical Eesearch Institute.
6. Payment of the quarters allowance for the period after plaintiff’s transfer to the Eesearch Institute was not questioned for the reasons that (a) the custody of plaintiff’s pay record did not change by reason of the transfer; (b) the disbursing officer was cognizant of the quarters situation at the Medical School and the Eesearch Institute and the existing policy of authorizing payment of the quarters allowance to chief petty officers and; (c) at that time plaintiff thought that he was entitled to a quarters allowance in his own right.
7. On October 20, 1946, by orders of competent authority, Government quarters became available for assignment to plaintiff and his dependents and to the married chief petty officers at the Medical Eesearch Institute generally. Because of the fact that plaintiff was drawing his quarters allowance from the Medical School’s account, his quarters allowance, through a mistake on the part of the disbursing officer, was not stopped at that time, and he was never assigned quarters for himself and dependents.
8. The erroneous credit of the quarters allowance to plaintiff was first discovered by a clerk in the disbursing office at the Medical Center at the close of the 1948 fiscal year.
9. The Comptroller General, on November 19,1948, ruled that the plaintiff should be required to repay the quarters allowance received by him during the period from October 21, 1946 to July 16, 1948. Plaintiff’s pay, accordingly, was subsequently checked for the amount of quarters allowance received by him during the said period.
C0NCLTJSI0N OE LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is entitled to recover.
The entry of judgment is suspended to await the receipt of a report from the General Accounting Office showing the amount due plaintiff.